UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MITCHELL WALL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) 2:10-cv-00449-GZS |
| RICARDO MARTINEZ, | ) |
| Defendant | ) |

**RECOMMENDED DECISION
AND ORDER**

Mitchell Wall, a prisoner at the Allenwood Penitentiary in Whitedeer, Pennsylvania, filed a 28 U.S.C. § 2241 petition in the Middle District of Pennsylvania. Wall names the warden of the facility where he is currently incarcerated as the respondent and complains that prison officials are illegally deducting restitution payments from his prisoner account, framing his pleading as one challenging the conditions of his confinement or the manner of execution of his sentence, making § 2241 the appropriate vehicle for his challenge. The latest petition was transferred to the District of Maine because of considerations of "judicial economy and efficiency" (Doc. Nos. 12 & 13). The district court in Pennsylvania determined that the District of Maine would be a more appropriate location to decide the issues Wall raises in his 28 U.S.C. § 2241 petition because the Maine court would have fuller access to the facts and circumstances surrounding the restitution order imposed after Wall's trial. (See Doc. No. 12.)

Since the case has been transferred to this district, the United States has filed its answer, (Doc. No. 21) and Wall has filed a number of motions (Doc. No. 14, Motion to Amend Petition and the various motions included therein, and Doc. No. 16, Motion to Amend). Additionally, Wall filed an earlier motion for appointment of counsel in Pennsylvania; this motion also was

pending when the case was transferred to the District of Maine. (Doc. No. 8.) I now deny Wall's motions and recommend that the court deny his 28 U.S.C. § 2241 petition (Doc. No. 1).

**Wall's Motions**

Mitchell Wall's June 17, 2010, motion—originally filed in the Middle District of Pennsylvania—requested the appointment of counsel, an interim order directing the Bureau of Prisons to cease collection of funds while this case was pending, and an order that Wall be produced in court for a hearing on the merits. For reasons that will become apparent in the discussion of the merits of Wall's underlying petition, these motions are denied.

On October 25, 2010, a few days before the transfer order actually arrived in this District, Wall asked for essentially the same relief, including an interim order directing the Bureau of Prisons to cease and desist taking the restitution payments, appointment of an attorney, and a writ that would bring him to Maine in order to improve his access to the Maine courts. I now deny all of these requests. Rule 8(c) of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A control the appointment of counsel in the context of motions of this kind. Because I have determined that no evidentiary hearing is necessary and there is nothing to suggest that the interests of justice otherwise require the appointment of counsel, the motion is denied. Rule 8(a) addresses this Court's discretion to determine whether an evidentiary hearing is warranted. Because all of the facts in this case are essentially undisputed, there is no apparent need to hold an evidentiary hearing or bring Wall to the District of Maine. As I have determined that Wall's petition should be dismissed as set forth below, no interim order is appropriate.

On November 12, 2010, Wall filed a third motion to amend, a pleading very similar to the two earlier motions. Only this time, at the very end of the petition, Wall raised the issue of ineffective assistance of counsel, suggesting that he believed that transferring the matter to this

court meant that the issues could somehow be expanded to include claims other than those related to the manner in which the Bureau of Prisons chose to collect the restitution payments from his prisoner account. This petition is certainly not a vehicle to raise a 28 U.S.C. § 2255 ineffective assistance of counsel claim.

Mitchell Wall's conviction became final when the Supreme Court of the United States denied a writ of certiorari on March 29, 2004. See United States v. Wall, 541 U.S. 965 (2004). Judgment was entered on Wall's first 28 U.S.C. § 2255 motion on November 14, 2005. See Wall v. United States, 2:05-cv-00053 (D. Me). Since that time Wall has filed at least two motions in his criminal case seeking remittitur of the restitution order. See United States v. Wall, 2:00-cr-00078 (D. Me.) (Doc. Nos. 69 & 77). Any attempt to raise a constitutional attack at this time regarding the restitution order—such as an ineffective assistance of counsel claim—is both time-barred under the one-year statute of limitations found at 28 U.S.C. § 2255(f) and an untenable attempt at a second and successive 28 U.S.C. § 2255 motion. The motion to amend is denied.

I now turn to the substance of Wall's original 28 U.S.C. § 2241 petition filed in the Middle District of Pennsylvania. In this pleading Wall argues that the sentencing court impermissibly delegated to the Bureau of Prisons the timing and amount of his court-ordered restitution. Wall was sentenced after April 24, 1996, and, therefore, the Mandatory Victims Restitution Act of 1996 applies to the restitution ordered in his judgment. Unlike the predecessor statute, the Mandatory Victims Restitution Act expressly states that "the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," and in doing so shall consider the factors delineated in the provision relating to the

3

defendant's financial resources, his projected earnings, and any other financial obligations, including dependents." 18 U.S.C. § 3664(f).[1]

With respect to the restitution order, Judge Carter told Wall that he anticipated ordering him to pay restitution and explained,

> if it comes to a point where you are required to pay the restitution, then you make a claim of showing that you are unable at that time and there are procedures to do that. The law is, once I determine that restitution is due and the amount of the restitution, it has to be imposed. Whether or not it will be paid is left to the future.

(Sentencing Tr. at 138, Doc. No. 1 at 7, Page ID No. 7.)[2] In response, Wall asked Judge Carter whether he could "have it pending appeal?" (Id.) Judge Carter's reply was that it was "subject to appeal." (Id.) Wall did raise a challenge to his restitution order in his direct appeal but it related to the court's lack of clarity as to whether his restitution obligation was to be a joint and several liability. See United States v. Wall, 349 F.3d 18, 25-27 (1st Cir. 2003).

Although there is not a great deal of case law discussing 18 U.S.C. § 3664(f) and 28 U.S.C. § 2241, the decisions that are available support the conclusion that § 2241 cannot be used in the sentencing court or the district of confinement to challenge the sentencing court's compliance with 18 U.S.C. § 3664(f) at the time that judgment entered. For instance, a panel of the Third Circuit recently concluded in an unpublished decision that 28 U.S.C. § 2241 was an improper vehicle to challenge a sentencing court's sentencing order, in that context a petition

---

[1] The majority of courts that have considered this provision in direct appeals have determined that the language is mandatory and that it is an impermissible delegation to allow the Bureau of Prisons or a probation officer to determine the schedule. Compare United States v. Overholt, 307 F.3d 1231, 1256 (10th Cir. 2002) ("In light of this statutory scheme, we see no room for delegation by the district court with respect to payment schedules for restitution."); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001); United States v. Coates, 178 F.3d 681, 685 (3d Cir.1999) (same); United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995) (same); United States v. Mohammad, 53 F.3d 1426, 1438-39 (7th Cir.1995) (same); United States v. Porter, 41 F.3d 68, 71 (2d Cir. 1994) (delegation not permitted); United States v. Albro, 32 F.3d 173, 174 (5th Cir. 1994) (same) with Weinberger v. United States, 268 F.3d 346, 360 (6th Cir. 2001) (permitting delegation); United States v. Fuentes, 107 F.3d 1515, 1528 n. 25 (11th Cir.1997) (same, but criticizing precedent); United States v. Signori, 844 F.2d 635, 641 (9th Cir. 1988) (same).

[2] It is possible that the restitution has been fully paid by Wall's co-conspirators but this question does not need to be answered to resolve the pending petition.

filed in the district of confinement. See Gardner v. Bledsoe, No. 10-2894, 2011 WL 713609, *1 (3d Cir. Mar. 2, 2011). The Panel affirmed the district court's dismissal order and did not transfer the petition to the district of sentencing, noting: "We express no opinion as to whether Gardner may challenge his restitution order through 28 U.S.C. § 2255 or via some other procedural mechanism in the sentencing court in North Carolina." Id. at *1 n.2. In Wallette v. Wilner, a panel of the Tenth Circuit explained:

> To the extent Wallette's improper delegation claim implicates the validity of his sentence, we lack jurisdiction to entertain a challenge to the sentencing court's restitution order. Wallette has brought a § 2241 petition; however, he can attack the validity of his sentence only through a 28 U.S.C. § 2255 petition filed in the district court that sentenced him. See Bradshaw v. Story, 86 F.3d 164, 166-67 (10th Cir.1996) (holding a petition under § 2241 attacks the execution of a sentence, while a § 2255 petition attacks the validity of a judgment and sentence); see also Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir.2002) (dismissing a delegation claim brought under § 2241). If Wallette is to make an improper delegation claim, he must do so through a § 2255 petition filed with his sentencing court.

No. 08-1309, 321 Fed. Appx. 735, 738, 2009 WL 921122, *2 (10th Cir. Apr. 7, 2009). See also Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) ("Because Robinson's second claim—that the sentence imposed was an unconstitutional delegation of power—attacks the validity of the sentence, we agree with the district court that this claim must be brought through a § 2255 claim in Robinson's sentencing district.").

It is my conclusion that Wall's transferred 28 U.S.C. § 2241 petition challenging the restitution aspect of Judge Carter's original sentence is a frivolous shot-in-the-dark. In view of his prior related attempts at collateral relief, this § 2241 pleading cannot really be viewed as petitioning the Court for attainable redress.

## CONCLUSION

I now deny Wall's motions and recommend that the Court deny his 28 U.S.C. § 2241 petition.

5

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 11, 2011